## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| **In re**<br><br>**HELEN CAMERON,**<br><br>         **Debtor** | **Chapter 13**<br>**Case No. 13-10115-FJB** |

### MEMORANDUM OF DECISION ON
### MOTION FOR ORDER DISMISSING CASE

In this fourth bankruptcy case filed by debtor Helen Cameron ("Cameron") in twenty-nine months, the Chapter 13 Trustee has moved for dismissal on the basis of Cameron's failure to attend a session of the first meeting of creditors and to make plan payments.  The United States Trustee has joined in the motion, urging as additional grounds for dismissal that Cameron has made contradictory statements in this case regarding her residence, a factor relevant to her choice of venue, and that she has a history of multiple bankruptcy filings.  For these same reasons, the United States Trustee further moves that Cameron be barred from filing a new petition for at least 180 days after dismissal.  Cameron, acting *pro se*, filed an objection to the motion but elected not to appear at the hearing on it.  For the reasons that follow, the Court will dismiss the case and bar Cameron's refiling for two years.

**FACTS AND PROCEDURAL HISTORY**

**i.        The Current Case and Present Motion**

On November 13, 2012, Cameron commenced the present case by filing a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode

Island.[1]  She moved for and was granted leave to pay the filing fee in installments but has failed to make

last of the four payments, leaving an overdue balance of $71.  In the schedules of creditors she filed in

the case, she has failed to disclose her obligation to the United States Courts for unpaid filing fees

incurred in her previous bankruptcy cases.  She has filed a chapter 13 plan in the case that calls for 36

monthly payments of $1 each, includes contradictory provisions regarding her secured debt,[2] fails to

propose payment of her unsecured debt (not even the fees she owes to the U.S. Courts), and is patently

unconfirmable and proposed in bad faith.

At 2:31 p.m. on December 12, 2012, the thirtieth day of the case, Cameron filed a motion under

11 U.S.C. § 362(c)(4)(B) to extend the automatic stay, and the certificate of service she filed with the

motion shows no service on creditors.  A motion of this type must be adjudicated no later than the

thirtieth day of the case, see 11 U.S.C. § 362(c)(4)(B), and is a matter of concern to all creditors.  Judge

Finkle denied the motion to extend the automatic stay, adding that "the Debtor had two bankruptcy

cases dismissed in the District of Massachusetts in the one year prior to the present case," and

consequently that "pursuant to 11 U.S.C. § 362(c)(4)(A)(i), there is no stay in effect."

Shortly thereafter, Judge Finkle ordered Cameron to show cause why the bankruptcy case

should not, for improper venue, be either transferred to the District of Massachusetts or dismissed, and

she set a hearing on the same.  Cameron failed to appear at the hearing, whereupon, on January 4,

2013, Judge Finkle initially dismissed the case but then, on January 9, 2013 and upon reconsideration

*sua sponte*, vacated the order of dismissal and transferred the case to the Bankruptcy Court for the

District of Massachusetts.  In doing so, she entered findings and rulings that Cameron had made

contradictory representations in the bankruptcy case regarding the location of her principal residence,

---

[1]  In the District of Rhode Island, the case was No. 12-13573.  Upon transfer to the District of Massachusetts, the
case was assigned a new case number.   All citations for the instant case shall reflect the District of Massachusetts
case number and docket.  Notwithstanding the change of number, the case commenced in District of Rhode Island
is the same case as that which is presently before this court in the District of Massachusetts.
[2]  It provides, on the one hand, that she will pay these debts "outside the plan" according to the original contract
terms without modification, with liens retained, and, on the other, that, for no articulated reason, she will modify
them to a $0 balance and avoid the mortgages securing them.

that she had used a different social security number on her petition in this case than she had used on

the petitions in her previous cases, that her principal residence remained in Massachusetts, that her

choice of the District of Rhode Island as the venue for her bankruptcy case had been improper, and that,

"obviously dissatisfied with the outcome of her multiple bankruptcy filings before the Massachusetts

Bankruptcy Court, [she] has engaged in improper forum shopping."  Judge Finkle concluded:

> [I]n light of the Debtor's contradictory representations regarding the
> location of her principal residence in her amendments to the Initial
> Petition and the use of two different social security numbers, dismissal
> of this case, rather than transfer of the case to the Massachusetts
> Bankruptcy Court where venue properly lies, is not in the interests of
> justice. FED. R. BANKR. P. 1014(a)(2) confers discretion on the bankruptcy
> court to dismiss or transfer a case filed in the wrong district. . . .  The
> interest of justice is best served by the Massachusetts Bankruptcy Court
> addressing these contradictory representations by the Debtor and the
> serious issues raised by this fact pattern.

After transfer of the case to the District of Massachusetts, the original chapter 13 trustee in the

case, John Boyajian, the standing chapter 13 trustee for the District of Rhode Island, was replaced with

the standing chapter 13 trustee for the Eastern Division of the District of Massachusetts, Carolyn

Bankowski, who, on January 10, 2013, scheduled a continuation of the first meeting of creditors for

February 6, 2013.  Cameron failed without permissible excuse to appear at the continued meeting.

The Chapter 13 Trustee then filed the present motion to dismiss this case, stating as grounds

that Cameron failed to appear at the § 341 meeting of creditors and that she had failed to make the first

plan payment, as required by 11 U.S.C. § 1326(a)(1). The United States Trustee joined in this motion and

stated that cause may exist to bar the debtor from filing another case under any subchapter of title 11

for 180 days following dismissal.  As such cause, the United States Trustee cited, in addition to the two

grounds for dismissal advanced by the Chapter 13 Trustee, (i) Cameron's multiple bankruptcy filings and

(ii) Cameron's contradictory statements regarding her place of residence that Judge Finkle had identified

in support of her order transferring venue.

In a written response, Cameron addressed the arguments of both the Chapter 13 Trustee and

the United States Trustee.  Regarding the continued meeting of creditors, she did not deny that she had

not attended the February 6 continuation of the meeting of creditors but argued that a meeting of

creditors had already been held while the case was in Rhode Island, which original meeting she did

attend, and therefore that another meeting of creditors in Massachusetts was duplicative, untimely, and

unnecessary.  Regarding plan payments, Cameron asserted that she had made all of her plan payments

(of one dollar) and that they had been accepted and cashed by the Rhode Island Chapter 13 Trustee.  As

to the United States Trustee's motion, Cameron stated that she had not made any intentional

contradictory statements regarding her place of residence in her petition and that any error did not

affect any party's substantial rights.  As to the allegation of multiple filings, she stated, without

elaboration or explanation, (i) that in two other Massachusetts bankruptcy cases she was not a debtor

but a creditor, (ii) that she had neither sought nor received any discharge of her debts, (iii) that she had

instead sought to negotiate a 100% repayment plan, and (iv) that each repeat filing within the previous

eight years was the result of errors and mistakes made by the Massachusetts Clerk's Office and the

Chapter 13 Trustee.

The Court scheduled a hearing on the Trustee's Motion to Dismiss for April 4, 2013.  On April 2,

2013, Cameron filed a motion to continue the hearing so that she could obtain counsel.  The Court

denied the motion, stating Cameron had had ample opportunity to obtain counsel and therefore that

the reason stated in support of the motion was disingenuous.  On April 4, 2013 at 10:00 a.m., Cameron

filed by facsimile transmission a further document entitled "Appearance and Waiver of Rights to Physical

Presence."  This was date stamped by the Clerk's office at 10:20 a.m. and docketed at 10:24 a.m.  It

stated:  "Notice is hereby given of Appearance and Waiver of Right to Physical Presence at Hearing on

April 4, 2013 at 10:30 AM on Trustee's Motion to Dismiss, et al."  I read the document into the record

and informed the parties present that the document could be interpreted in two ways:  as an indication

that Cameron did not intend to attend the hearing or, alternatively, as an indication that she would be

available telephonically.  Per my instructions, the courtroom deputy tried contacting Cameron at three

different telephone numbers that could be found in her filed papers and one number that was proffered

by the Chapter 13 Trustee but was unable to reach her at these numbers. Cameron was not present at

the hearing.

During the hearing, the Chapter 13 Trustee conceded that Cameron had attended a meeting of

creditors while the case was pending in the District of Rhode Island on December 14, 2012, but the

Trustee further noted that this meeting had been adjourned to January 4, 2013 at 9:30 a.m.  The

continued meeting of creditors in Rhode Island was never held, Judge Finkle having indicated, at a

hearing on January 3, 2013, that she would enter an order dismissing the case, which order entered on

January 4.  The Chapter 13 Trustee argued that the meeting of creditors scheduled in Massachusetts

was a continuation of the initial December meeting, which had been adjourned and never completed.

Additionally, the Chapter 13 Trustee indicated that she needed to examine this debtor; she pointed out

that Cameron had never presented herself for examination in her prior Massachusetts bankruptcies.

The Chapter 13 Trustee also conceded that the Debtor had made two plan payments to the Rhode

Island Trustee, Mr. Boyajian, which payments were being transferred to the Massachusetts Trustee's

office, but she added that no other payments have been received from Cameron, who therefore is at

least two payments in arrears under her proposed plan.  Finally, the Chapter 13 Trustee argued that the

proposed Chapter 13 plan is unconfirmable as it does not propose to pay any creditors and uses the

Rhode Island form of plan, a form that does not conform to the local rules of the District of

Massachusetts.  Had Cameron attended the meeting of creditors in February, she would have been

instructed that she needed to file a new plan, using Massachusetts Official Local Form 3.  The United

States Trustee relied on his papers as filed and joined in the arguments made by the Chapter 13 Trustee

during the hearing.

ii.      **Previous Cases**

This case is not Cameron's first before me, nor is this the first time that she has failed to appear

at the meeting of creditors and to make plan payments. These failures—and repeated failures to file

required documents and to pay filing fees—led to the dismissals of Cameron's prior bankruptcy cases.

Cameron had three bankruptcy cases pending and dismissed in the District of Massachusetts in the two

years immediately preceding her commencement of the instant case.[3]  She has exhibited a continued

inability to comply with court orders and to satisfy the obligations of a chapter 7 or 13 debtor.

Cameron filed the first of these, a case under Chapter 13, on June 29, 2010, Case No. 10-17060.

The Court granted her application to pay the filing fee in installments, of which she paid the first two,

totaling $182, but not the third, of $92.  During the pendency of that case, Cameron sought and received

multiple extensions of time to file required documents yet still failed to file a required document, for

which her case was dismissed on August 16, 2010.  When she moved to vacate the order of dismissal,

the court indicated that it would not act on the request until she filed the missing document; four weeks

later, when she still had not filed the document, the court denied the motion to vacate.  No meeting of

creditors was ever held in the case, which was dismissed prior to the scheduled meeting.

Cameron commenced her next case, another under Chapter 13, on October 21, 2011, Case No.

11-19943.  Again the court permitted her to pay the filing fee in installments, of which again she paid

the first two but never the third, for $89.  Notably, in the schedules of creditors she filed in this case, she

failed to disclose her obligation to the United States Courts for the balance of the filing fee from the

previous case.  Again, Cameron did not timely file the required documents, which resulted in the

dismissal of her case on November 17, 2011.  Cameron then belatedly filed the outstanding documents

and moved for and obtained an order vacating the dismissal, thus reinstating the case.   The first

---

[3] In addition, between 1993 and 1995, she filed three more bankruptcy cases in this district.   See Case No. 93-20635-CJK, Case No. 94-12799-CJK, and Case No. 95-12189-CJK.

meeting of creditors was rescheduled for February 2, 2012.[4]  Cameron failed to appear at the meeting of

creditors, for which the Chapter 13 Trustee moved to dismiss the case.  Cameron failed to respond to

the motion, whereupon the court allowed the motion and dismissed the case again.  Upon Cameron's

motion for reconsideration and after a hearing, on March 29, 2012, I vacated this order of dismissal on

the condition that Cameron fully participate in a rescheduled meeting of creditors.  Despite the

Trustee's efforts to accommodate her—by allowing Cameron to appear at the meeting of creditors by

telephone provided a notary was present to verify her identity and provided Cameron gave the Chapter

13 Trustee, prior to the rescheduled meeting, a written note from a medical doctor verifying the her

inability to travel—the Debtor failed to satisfy these requirements for two rescheduled meetings.  The

Trustee consequently filed a second motion to dismiss the case, which, after a hearing, I granted on June

21, 2012.

Cameron commenced a third bankruptcy case, this time under chapter 7, on August 9, 2012,

Case No. 12-16699.  She once again sought and was granted multiple extensions of time to file

documents, and again she failed to file the documents.  She also moved for a continuance of the

scheduled meeting of creditors.  I issued an order instructing her to contact the Chapter 7 Trustee, as

the Court does not schedule the meeting of creditors.  At a hearing on September 5, 2013 on the

Debtor's motion to extend the automatic stay, I ordered Cameron to appear in person at the meeting of

creditors scheduled for the next day, and I continued the hearing on the motion to extend the automatic

stay.  I also ordered the Chapter 7 Trustee to file an affidavit of non-compliance if she failed to attend

the meeting.  On September 6, 2013, the Chapter 7 Trustee filed an affidavit of non-compliance,

indicating that Cameron had failed to appear at the scheduled meeting of creditors.  The court dismissed

the case on September 19, 2012 for failure of Cameron to file a certificate of credit counseling.

Cameron moved to vacate the order of dismissal, but without correcting deficiencies in her filings, and I

---

[4] As in the first case, the case was dismissed prior to the first scheduled date for the meeting of creditors.  Once
the case was reinstated, the Trustee rescheduled the meeting of creditors.

denied the motion.  In the schedules of creditors she filed in this case, she again did not list her debt to

the United States Courts for the fee obligations that accrued in her previous two cases.[5]

Less than two months later, Cameron commenced the present case, this time with a petition

filed in the Bankruptcy Court of the District of Rhode Island.

**DISCUSSION**

A debtor in bankruptcy has obligations.  Among these are the obligations to pay the filing fee, to

file the schedules and other documents, to appear and submit to examination under oath at the

meeting of creditors under 11 U.S.C. § 341(a), (in a chapter 13 case) to make plan payments, to appear

at hearings on matters as to which she has taken a position, and to be honest in her representations to

and dealings with the court.  See 11 U.S.C § 521 (schedules, lists, statement of financial affairs, and other

required documents), § 343 (attendance at meeting of creditors), and § 1326(a) (chapter 13 plan

payments), § 727(a)(4) (denial of discharge for false oaths, accounts, and claims, for bribery, and for

withholding information),  and 28 U.S.C. § 1930(a) (filing fee).  Cameron is a serial filer and well known

to the Court.  In this case, she has failed to meet the obligations of a debtor by (i) failing to appear at the

continued meeting of creditors that was scheduled for February 6, 2013, (ii) failing to make plan

payments for at least the last two months, (iii) misrepresenting her place of residence on her petition to

obtain an improper venue for her case, (iv) misstating her social security number on her petition, (v)

failing without excuse to appear at the hearing before Judge Finkle on her order to show cause, (vi)

failing without excuse to appear at the April 4 hearing before me on the Trustee's Motion to Dismiss,

(vii) misrepresenting to the court that she intended to obtain counsel when in fact she had no such

intent and merely was attempting to delay the hearing on the motion to dismiss, (viii) failing to pay the

---

[5] I have not recounted the procedural history of Cameron's multiple appeals to the Bankruptcy Appellate Panel,
which have uniformly resulted in dismissal.  See BAP No. MB 11-061, BAP No.  MB 11-093, BAP No. MB 12-044,
BAP No. 12-047, BAP No. 12-057, BAP No. 12-088, BAP No. 12-089.  I have also not recounted the procedural
history of the cases in which Cameron filed involuntary petitions as to a person jointly liable with her on certain
secured debt.  See Case No. 11-13543-JNF and Case No. 12-18527-JNF.

balance of the filing fee, and (ix) failing to schedule outstanding debts to the United States Courts and

thereby denying to the United States, as a creditor, notice of her filing.  Each of these individually, and

certainly in combination with the others, is "cause" under § 1307(c) to dismiss a chapter 13 case.  11

U.S.C. § 1307(c) (court may dismiss a case under chapter 13 or convert it to one under chapter 7,

whichever is in the best interest of creditors).  As between dismissal and conversion to chapter 7,

dismissal is in the best interest of creditors:  no creditor has an interest in her receiving a discharge, and

her schedules show no likelihood of a distribution to creditors.  I therefore will grant the motion to

dismiss.

The United States Trustee has further asked that I bar Cameron from filing a new bankruptcy

petition under any chapter of the Bankruptcy Code for 180 days following dismissal.  Under § 349(a) of

the Bankruptcy Code, "*[u]nless the court, for cause, orders otherwise,*" the dismissal of a bankruptcy

case "does not prejudice the debtor with regard to the filing of a subsequent petition under this title."

11 U.S.C. § 349(a) (emphasis added).  Section 349(a) thus expressly recognizes that the court may for

cause order that an order of dismissal shall function to prohibit a debtor from filing a subsequent

bankruptcy petition for a specified period.

The record is replete with cause to bar refiling.  Though she has commenced multiple

bankruptcy cases under chapter 13, Cameron has not successfully prosecuted any of these even through

confirmation of a plan.  She has many times failed to attend scheduled meetings of creditors.  In general,

she has exhibited an unwillingness—not mere incompetence or inability, as may at first have seemed to

be the case—to prosecute her cases in accordance with the law.  She has consistently shown a cavalier

disregard for the truth in her filings and dealings with the court.  I have no confidence in the accuracy of

her schedules or even that she has afforded to her creditors due notice of these proceedings. Her

repeated invocations of the protections of bankruptcy have consistently been abuses of the Bankruptcy

Code, reeking of bad faith at every turn.  Based on this egregious behavior and the above-enumerated

9

failings, I conclude there is ample cause to supplement the order of dismissal with a bar to filing another

bankruptcy petition in any jurisdiction for two years.[6]  An order of dismissal will enter accordingly.

Date:  April 18, 2013

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[6] The United States Trustee has asked for a bar of 180 days, but the facts warrant a bar of much longer duration. By absenting herself from the hearing without permission, Cameron forfeited the opportunity to respond to the questions I would have posed to her regarding the duration of the bar.  I have no doubt that Cameron would have argued to me that, as a *pro se* debtor, she has been unable to meet the requirements of the Bankruptcy Code and Rules.  A *pro se* debtor is surely entitled to careful treatment by the court and I and Judge Finkle have treated Cameron with extreme care.  But even a *pro se* debtor must act honestly and diligently.  Cameron emphatically has not.